MARY J. FRENCH v. THE MUTUAL RESERVE FUND LIFE ASSOCIATION.

*Insurance—Condition in the Policy—Contract—Receipt.*

In renewal of a life insurance policy which had been allowed to lapse, the company accepted payment of back dues, upon the condition recited in the receipt that the applicant " was living, of temperate habits, in good health then and for twelve months past, and free from all disease, infirmity or weakness": *Held,* such condition did not include temporary illness not severe in its character, which did not impair his constitution, and of which he was then well.

CIVIL ACTION, tried at April Term, 1892, of NEW HANOVER Superior Court, before *Winston, J.*

Duval French was insured in the defendant company for the benefit of his sister, the plaintiff. He had permitted his policy to lapse for non-payment of dues, but subsequently he had paid them and had been reinstated by the defendant company, and at the time of his death he owed the defendant nothing. When reinstated by the company it gave him a receipt for the back dues, upon which was printed the following: "The conditions upon which the within payment (for which this receipt is given) is accepted are as follows: First, That said member is now living and of temperate habits, and is now, and has been during the past twelve months, in continuous good health and free from all disease, infirmity or weakness; otherwise said payment, and this receipt and said policy shall be and is null and void, and the sum paid hereon shall be subject to the order of the within-named person. Second, The receipt and acceptance of the within sum by the Association shall not be held to waive forfeiture or expiration of membership, or to reinstate membership, or to create any liability on the part of the Association under said policy, except upon fulfillment of the first condition of this receipt."

There was evidence tending to show that while the policy was lapsed, and before this reinstatement receipt was given, the assured had been unwell.   There was conflicting evidence as to the nature of this illness, the plaintiff contending that it was slight, temporary, and in no wise affected the permanent health of the assured.   The defendant contended otherwise, that the illness was of a serious nature, and furthermore, that if this was not so, by the terms of the receipt, if the the insured had been sick at all within the twelve months prior to the receipt, he had not been "in continuous good health," and the reinstatement was void.   The assured was in good health when the receipt was given on the 30th of January, 1891, and died of typhoid fever on the 13th of July, 1891.

The Court instructed the jury that "if within the time specified in the conditional receipt the only illness from which Duval French suffered was of a temporary nature, and not severe in its character, which did not render him uninsurable, and which indicated no vice in his constitution, and from which he had entirely recovered at the time of making the payments in January, 1891, then they should answer the second issue, Yes."   To this the defendant excepted.   There were several other exceptions, but they are all substantially embraced in this.

The second issue referred to was as follows: "Was Duval French in continuous good health and free from all disease, infirmity or weakness for twelve months prior to January 30, 1891?"

The defendant appealed from the judgment rendered.

*Mr. Thomas W. Strange*, for plaintiff.
*Mr. John W. Hinsdale*, for defendant.

CLARK, J.: We think the instruction of his Honor was correct.   The reasonable construction to be put upon the agree-

ment of the parties, as expressed in the conditions printed upon the reinstatement receipt, was not that any illness, however slight or insignificant, within the preceding twelve months, should vitiate the reinstatement. It could mean no more than that, if there had been such illness or impairment of health that the assured would not have been received if he had been an original applicant for insurance, the reinstatement was void  The company could not have intended to put itself in a better condition, or the defendant in a worse one, than that. Had the policy been maintained in force, impairment of health would not give the company a right to cancel it; as it had lapsed, the company, in effect, says to the assured that it will reinstate him upon payment of unpaid dues, provided he is in unimpaired health and would be insurable as a new risk. The language of the condition is, if the assured is of temperate habits, and is now and " has been during the past twelve months in continuous good health and free from all disease, infirmity or weakness." The issue presents the question if there had been a compliance with that condition. The Court below told the jury that if the assured, during the twelve months prior to the reinstatement had suffered no illness, " except of a temporary nature and not severe in its character, which did not render him uninsurable, which indicated no vice in his constitution, and from which he had entirely recovered at the time of making the payment," this was a compliance with the condition of the receipt. The jury found the fact so to be. Upon such finding the plaintiff should be entitled to recover the amount due by the terms of the policy of insurance. The simple question is as to the construction to be placed upon the condition. No aid can be drawn from decisions in cases more or less similar in other States. Certainly a slight illness did not come within the terms quoted. The line must be drawn somewhere. We think that indicated in the charge a just one.

No Error.

MACRAE, J., dissents.